IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JERRY F. MARTIN, and**
**ELIZABETH J. MARTIN, individually**
**and on behalf of all others similarly situated,**

    **Plaintiffs,**

v.                                                       Case No: 2:17-cv-03207

**PAIGE-HUNTER PROPERTIES, INC.,**
**HOBERT EUGENE ALIFF, JR., PD ENTERPRISES,**
**INC., and VERA J. MCCORMICK, in her official**
**individual capacities,**

    **Defendants.**

## COMPLAINT

    1.    This is an action for damages, and for declaratory and injunctive relief, to remedy the Defendants' unconstitutional taking of a homes under color of state law and in violation of the basic notice requirements of the due process clause.

## JURISDICTION

    2.    This Court has jurisdiction over Plaintiffs' claim under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (3).

    3.    Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. § 2201 and §2202, and Federal Rules of Civil Procedure 57 and 65.

    4.    28 U.S.C. § 1367 provides the Court jurisdiction over the plaintiffs' state law claims.

    5.    Venue is proper in this Court because the Defendants are domiciled, the actions complained of occurred, and the real estate at issue is located, in Kanawha County, West Virginia, within the geographical boundaries of this district.

## PARTIES

6. Plaintiffs Jerry F. and Elizabeth J. Martin are an elderly couple residing at 341 Gaylor Lane, Charleston, Kanawha County, West Virginia, 25312. Mr. Martin (75 years old) is a retired substation worker having been previously employed with American Electric Power ("AEP") for 38 years. The Plaintiffs live on a fixed income of Social Security and retirement benefits. At all relevant times prior to April 30, 2014, Plaintiffs were the titled, record owners of certain real estate located at 341 Gaylor Lane, Charleston, Kanawha County, West Virginia, more specifically described as:

> 1A Kanawha 2 Mile Creek, Less O & G (Tax account No.: 7019870; Tax District: 25 – Union 25 24005500000000)

7. The Martins bring this action on their own behalf and on behalf of all other similarly situated individuals, pursuant to Federal Rules of Civil Procedure, Rule 23(b)(2). The class consists of all Kanawha County, West Virginia property owners who in the future may receive notices to redeem that are returned undeliverable, unclaimed, or otherwise facially show a failure to provide adequate notice to the property owner or other person entitled to notice. The requirements of Rule 23 are satisfied as follows:

 (a) The class is so numerous joinder of all members is impracticable;

 (b) There are questions of law and fact common to all members of the class;

 (c) The named Plaintiffs' claims are typical of those of the class as a whole;

 (d) The Plaintiffs have displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interests of the class, and are represented by skillful and knowledgeable counsel. The relief sought by the named Plaintiffs will inure to the benefit of the class generally.

(e) The Defendant, Vera McCormick, has acted or refused to act on grounds generally applicable to the entire class, thereby making final injunctive and declaratory relief appropriate for the class as a whole.

8. (a) Paige-Hunter Properties, Inc. ("PHP") is a West Virginia corporation with a principal place of business of 5193 Dawn Street, Cross Lanes, West Virginia, 25313. PHP was the assignee of the certificate of sale purchased by PDE and is the grantee of a tax deed purporting to convey title of Plaintiffs' property.

(b) Hobert Eugene Aliff, Jr. is a natural person residing in Kanawha County, West Virginia. On information and belief, Mr. Aliff is the incorporator and principal of Defendant, PHP, and he worked in concert with Defendant McCormick to deprive Plaintiffs of title to their home without due process of law. There is a unity of interest and ownership between Defendant Aliff and PHP such that the separate personalities of the corporation and of Mr. Aliff no longer exist. An inequitable result would occur if the acts complained of below are treated as those of the corporation alone.

(c) On more than 26 occasions since 2004, Defendants PHP and Aliff have obtained tax deeds to real estate from Defendant McCormick, her predecessor, and the Deputy Commissioner of Delinquent and Nonentered Lands at prices ranging from $100.00 to several thousand dollars, which property they then seek to sell to the prior record title owner at or for a significant percentage of its fair market value.

9. PD Enterprises, Inc. ("PDE") is a West Virginia corporation with a principal place of business located at 107 MacArthur Street, Chesapeake, West Virginia, 25315. PDE was the owner of a certificate of sale and purchaser of a tax lien on Plaintiffs' property.

10. Defendant Vera J. McCormick is an individual person who in 2014 acted in concert with the remaining Defendants to unconstitutionally and wrongly deprive Plaintiffs of title to their real property. Defendant McCormick is the Clerk of the County Commission of Kanawha County, West Virginia. Ms. McCormick is sued in both her official and individual capacities.

## FACTS

11. Plaintiffs purchased the property upon which their home is situated in the early 1968. In 1973, the Plaintiffs had their modest home built by Jim Walter Homes.

12. For many years the home had an address of Route 10, Box 103E, Charleston, West Virginia 25312. In or around 2011, the address was changed by 911/emergency services to 341 Gaylor Lane, Charleston, West Virginia, 25312.

13. After the 911 switch, Plaintiffs stopped receiving their statements for real estate taxes.

14. Having received no notice of the taxes due, the 2011 and 2012 real estate taxes were delinquent in the total sum of $561.53.

15. Plaintiffs were caring for Elizabeth Martins' parents, who had become ill and in need of significant in-home care. Ms. Martin's mother died in October 2014 and her father died in September 2016.

16. Defendant McCormick signed a declaration that as Clerk of the County Commission the Plaintiffs' property was sold for delinquent taxes November 15, 2012 for the taxes delinquent for the year 2011 to 2012.

17. A Certificate of Sale prepared by the Sheriff/Treasurer indicates that PDE purchased the tax lien for $1,800.00.

18. On April 28, 2014, PDE assigned the Certificate of Sale to PHP and applied for a tax deed for the Plaintiffs' property.

19. Thereafter, Defendant PDE caused the notice certified by Defendant McCormick to be sent by certified and regular mail directly separately to the Plaintiffs at "RR 100, Box 103E, Charleston, WV, 25312."

20. The notices Defendants sent by certified mail were each thereafter returned by the United States Postal Service undelivered, marked "Return to Sender Unclaimed Unable to Forward."

21. In the same way, the notices Defendants sent by regular mail were each thereafter returned by the United States Postal Service, undelivered, marked "Return to Sender Not Deliverable as Addressed Unable to Forward."

22. By February 3, 2014, Defendants therefore knew and should have known that neither of the Plaintiffs had received notice of its application for a tax deed to their home or of their redemption rights.

23. In April 2006 the United States Supreme held, "when notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."  Jones v. Flowers, 547 U.S. 220, 238 (2006).  The Supreme Court found that notice of an impending sale was constitutionally insufficient when the notice is returned unclaimed: "[A] person who actually desired to inform a real property owner of an impending tax sale of a house he owns would do [more than] nothing when a certified letter sent to the owner is returned unclaimed." Id. at 229.  "[S]omeone who actually wanted to alert [the homeowner] that he was in danger of losing his house would do more when the attempted notice letter was returned unclaimed, and there was more that reasonably could be done."  Nevertheless,

Defendants made no other or additional attempts to provide Plaintiffs with notice of its application or of their redemption rights.

24. Plaintiffs were unaware of any of these events. They had no notice and no knowledge of Defendants' application, or of any need to redeem the home. Had they received notice of the application and their redemption rights, Plaintiffs had the financial ability to pay the lawful redemption amount and would have done so immediately.

25. On information and belief, sometime after February 3, 2014, Defendant PHP presented Defendant McCormick with the United States Post Office reports returning to Defendants as undelivered all the certified and first class mail notices of its tax deed application and Plaintiffs' redemption rights, seeking issuance of a tax deed to Plaintiffs' real estate.

26. At that time, Defendants therefore had actual knowledge that Plaintiffs, the record owners of the real estate, had not been provided actual notice of application for a tax deed nor of their redemption rights.

27. Consequently, Defendants knew or should have known that McCormick, acting in concert with PDE under color of state law as the Clerk of the County Commission for Kanawha County, therefore could not deprive Plaintiffs of their record ownership of the home by granting PDE or PHP a tax deed without violating the Plaintiffs' constitutional right to due process of law.

28. Despite that knowledge, on April 30, 2014, Defendants PHP and Aliff caused Defendant McCormick, under her state authority as Clerk of the County Commission for Kanawha County, to issue willfully and wrongly a tax deed to PHP stripping Plaintiffs of their ownership of their property without due process, to the Plaintiffs' substantial injury.

29.     Defendant McCormick accepted the constitutionally void deed for recordation on May 9, 2014, and it is now recorded at Book 2876, page 355 of the Kanawha County Deed Records.

30.     In August 2016, Plaintiffs first obtained notice that their home had been sold for taxes when Sheriff of Kanawha County refused to accept their payment for real estate taxes.

31.     In May 2017, Defendant Aliff came to Plaintiffs home and informed them that PHP had purchased the property. Defendants Aliff and PHP intentionally waited for three years to pass before informing the Plaintiffs that their home had been sold, despite knowing that Plaintiffs were living in the property and had not received notice of their right to redeem or the sale.

32.     Defendant Aliff stated to Plaintiff Elizabeth Martin that he was the owner of their property and that Plaintiffs would have to purchase the property from him. Defendant Aliff represented that the property had appraised for $71,000.00 and indicated Plaintiffs would have to pay a substantial percentage of the appraised value to purchase the property. Defendant Aliff then asked if Plaintiffs had received any inheritance from the death of Elizabeth Martin's father.

33.     Defendants Aliff and PHP have a history of obtaining windfalls purchasing tax liens and, on information and belief, selling them back to the property owner or a third party for a substantial percentage of the actual value of the property. Defendants conceal the profits from these sales by failing to include the consideration in the deed transferring the property. For example,

(a)     On April 26, 2004, Defendants PHP and Aliff purchased property from Alma Y. King, Clerk of the County Commission of Kanawha County for $2,070.83 as evident from the county records at Book 2600, Page 959.

(b) On April 26, 2004, Defendants PHP and Aliff purchased property from Alma Y. King, Clerk of the County Commission of Kanawha County for $1,463.31 as evident from the county records at Book 2600, Page 951.

(c) On April 26, 2004, Defendants PHP and Aliff purchased property from Alma Y. King, Clerk of the County Commission of Kanawha County for $955.83 as evident from the county records at Book 2600, Page 967.

(d) On April 1, 2005, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $525.00 as evident from the county records at Book 2626, Page 29.

(e) On August 24, 2005, Defendants PHP and Aliff purchased property from G. Russell Rollyson Jr., Deputy Commissioner of Delinquent and Nonentered Lands of Kanawha County for $2,400.00 as evident from the county records at Book 2641, Page 481.

(f) On September 6, 2005, Defendants PHP and Aliff purchased property from G. Russell Rollyson Jr., Deputy Commissioner of Delinquent and Nonentered Lands of Kanawha County for $475.00 as evident from the county records at Book 2642, page 1.

(g) On April 1, 2006, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $650.00 as evident from the county records at Book 2656, Page 286.

(h) On April 1, 2006, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $152.04 as evident from the county records at Book 2656, Page 294.

(i) On April 1, 2006, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $100.00 as evident from the county records at Book 2656, Page 303.

(j) On April 1, 2006, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $1,200.00 as evident from the county records at Book 2656, Page 314.

(k) On April 1, 2006, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $400.00 as evident from the county records at Book 2656, Page 323.

(l) On April 1, 2006, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $1,375.00 as evident from the county records at Book 2656, Page 334.

(m) On April 5, 2007, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $1,400.00 as evident from the county records at Book 2686, Page 130.

(n) On April 5, 2007, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $1,119.00 as evident from the county records at Book 2686, Page 143.

(o) On April 5, 2007, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $400.85 as evident from the county records at Book 2686, Page 152.

(p) On April 5, 2007, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $1250.00 as evident from the county records at Book 2686, Page 161.

(q) On April 5, 2007, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $400.00 as evident from the county records at Book 2686, Page 180.

(r) On April 18, 2007, Defendants PHP and Aliff purchased property from Defendant PDE for $5,000.00, as evident from the counter records at Book 2687, Page 632, the same property having been purchased from Vera McCormick, Clerk of the County Commission of Kanawha County.

(s) On April 2, 2008, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $604.77 as evident from the county records at Book 2716, Page 780.

(t) On April 2, 2008, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $325.00 as evident from the county records at Book 2720, Page 240.

(u) On April 2, 2008, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $708.18 as evident from the county records at Book 2720, Page 249.

(v) On April 1, 2009, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $850.00 as evident from the county records at Book 2740, Page 560.

(w) On April 1, 2009, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $300.00 as evident from the county records at Book 2740, Page 574.

(x) On April 7, 2010, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $805.47 as evident from the county records at Book 2763, Page 946.

(y) On April 7, 2010, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $2,147.70 as evident from the county records at Book 2763, Page 962.

(z) On April 7, 2010, Defendants PHP and Aliff purchased property from Vera McCormick, Clerk of the County Commission of Kanawha County for $1,800.00 as evident from the county records at Book 2763, Page 973.

34. (a) On May 30, 2017, counsel for Plaintiffs wrote Defendant PHP on behalf of the Plaintiffs, explaining why the tax deed was legally void. The letter included Plaintiffs' offer to repay PHP for the amount of property taxes and fees it had actually paid for the property, with interest at the statutory rate, if PHP would agree to quit claim the property back to the Plaintiffs.

(b) Defendants Aliff and PHP rejected Plaintiffs' offer.

35. Because Defendant PHP waited for more than three years to notify Plaintiffs of tax sale or their right to redeem, Plaintiffs may not apply to have the deed set aside under state law. Accordingly, Plaintiffs have no adequate remedy at law.

36. Plaintiffs have suffered damages including, but not limited to emotional distress, annoyance and inconvenience and fear of loss of home.

## COUNT I – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW
## 42 U.S.C. § 1983

37.     The Plaintiffs incorporate the preceding paragraphs by reference.

38.     The acts and failures to act described above and below, as undertaken in concert and under color of state law, deprived Plaintiffs of rights, liberties, and immunities guaranteed them by the Constitution and laws, including their right not to be deprived of their property without notice required by due process of law, in violation of 42 U.S.C. § 1983.

39.     The due process clause of the United States Constitution requires that Defendants employ a means of notice as "one desirous of actually informing" the Plaintiffs of their right to redeem and of the tax sale. Jones v. Flowers, 547 U.S. 220, 229 (2006).

40.     Defendants knew the notices sent to Plaintiffs were not delivered and took no further action to notify Plaintiffs of their right to redeem or of the tax sale.

41.     Defendants Aliff and PHP intentionally waited three years to notify the Plaintiffs of the tax sale.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a)     Actual damages, costs, and a reasonable attorney fee in accord with 42 U.S.C. § 1988;

(b)     Punitive damages from the Defendants Aliff and PHP;

(c)     Certify a class of all Kanawha County, West Virginia property owners who in the future may receive notices to redeem that are returned undeliverable, unclaimed, or otherwise facially show a failure to provide adequate notice to the property owner or other person entitled to notice;

(d) Declaratory and injunctive relief on behalf of the class to ensure proper notice prior to the recordation of tax deeds precluding Defendants from recording tax deeds without a showing of reasonable efforts to give actual notice;

(e) Declaratory and injunctive relief to void the illegal and unconstitutional tax deed of April 30, 2014 recorded by the Clerk of the County Commission of Kanawha County, West Virginia at Book 2876, Page 355, and declare Plaintiffs lawful ownership of the home, as well as all other relief to which they may be entitled in law or equity.

## COUNT II – SLANDER OF TITLE

42. The Plaintiffs incorporate the preceding paragraphs by reference.

43. On April 30, 2014 Defendants PHP and Aliff recorded a Deed with the Clerk of the County Commission of Kanawha County stating that the Defendants were the lawful owners of Plaintiffs' property pursuant to the tax sale described above.

44. As is more fully set forth above, Defendants obtained the deed by depriving Plaintiffs of notice as required by due process. Accordingly, Defendant PHP did not obtain the deed constitutionally and/or legally and were not lawful owners of the property.

45. Notwithstanding having knowingly failed to provide Plaintiffs' notice of their right to redeem and the tax sale as required by the United States Constitution and West Virginia law, Defendants Aliff and PHP waited three years to notify Plaintiffs of the sale with the intention of depriving Plaintiffs of an opportunity to set the sale aside under state law.

46. As hereinbefore alleged, Defendants PHP and Aliff knowingly made a false assertion regarding the title to Plaintiffs' property.

47. Defendants published this false assertion with malice, showing a reckless and/or wanton disregard for the Plaintiffs' rights in the property, by recording the deed with the Clerk of the County Commission of Kanawha County.

48. The Plaintiffs were damaged by the Defendants' slander on their title to the property because they stand to lose their home and cannot pay the exorbitant demand of Defendants.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

(a) Actual and punitive damages;

(b) The Court declare that Deed filed with the Clerk of the County Commission of Kanawha County, West Virginia at Book 2876, page 355 is void;

(c) The Court order the Defendants to take such steps as are necessary to demonstrate the Deed filed with the Clerk of the County Commission of Kanawha County, West Virginia at Book 2876, page 355 is void;

(d) Reasonable attorney's fees and the cost of this action; and

(e) Such other relief as the Court deems equitable and just.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

                                        **JERRY F. MARTIN and**
                                        **ELIZABETH J. MARTIN,**
                                        **By Counsel**

/s/ Bren J. Pomponio
Bren J. Pomponio (WV Bar # 7774)
MOUNTAIN STATE JUSTICE
1031 QUARRIER ST. Suite 200
Charleston WV 25301
T: (304) 344-3144
F: (304) 344-3145
bren@msjlaw.org
Counsel for Plaintiffs